UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00069-HBB

BRUCE WILLIAMS                                                                       PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Bruce Williams seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Williams submitted a motion for disability benefits at DN 21. Both Williams (DN 22) and the Commissioner (DN 25) subsequently filed Fact and Law Summaries. For the reasons that follow, the undersigned orders that judgment be granted in favor of the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). By Order entered October 12, 2018 (DN 17), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Williams filed an application for a period of disability and Disability Insurance Benefits on September 11, 2014 (Tr. 179-182). Williams alleged that he became disabled on March 15, 2012 as a result of anxiety, right knee injury, left wrist injury, back pain, Van Willebrand's Disease, severe emotional distress, post traumatic stress from third degree burns, stress from imprisonment and being a registered sex offender, and depression (Tr. 198). Administrative Law Judge Teresa A. Kroenecke ("ALJ") conducted a hearing via video conference on May 2, 2012. Williams appeared in Bowling Green, Kentucky and the ALJ presided from Louisville, Kentucky. Williams was not represented by counsel. Also present and testifying was impartial vocational expert, William R. Harpool.

In a decision dated September 19, 2017 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 8-32). At the first step, the ALJ found Williams did not engage in substantial gainful activity since the alleged onset date through his date last insured, March 31, 2017 (Tr. 14). At the second step, the ALJ determined that William's degenerative disc disease of the lumbar spine, history of right knee meniscectomy, depressive disorder, and anxiety disorder are "severe" impairments within the meaning of the regulations (Tr. 14). Notably, at the second step, the ALJ also determined that Williams' history of hypertension and VonWillibrand disease are "non-severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that Williams does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).

At the fourth step, the ALJ found Williams has the residual functional capacity to perform less than a full range of light work (Tr. 16-17). More specifically, the ALJ found that Williams should be permitted the option to alternate between sitting and standing and/or walking every 30 to 45 minutes with the change in position taking no more than two to three minutes and while remaining at the work station; he can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he should avoid concentrated exposure to extreme heat and cold, humidity, wetness, vibration and hazard. Williams can understand, remember, carry out short, simple, routine instructions and able to sustain attention and/or concentrate for 2-hour periods at a time and for 8 hours in the workday on short, simple, routine tasks. He can use judgment in making work-related decisions consistent with short, simple, and routine work but requires occupations with set routines and procedures and few changes during workday consistent with simple and routine tasks. He cannot perform fast paced production work and can only occasionally interact with coworkers and supervisors but with no tandem work activities and no interaction with the general public (Tr. 16-17). Relying on testimony from the vocational expert, the ALJ found that Williams was unable to perform any of his past relevant work through the date last insured (Tr. 24).

The ALJ proceeded to the fifth step where he considered Williams residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 25). The ALJ found that Williams is capable of performing a significant number of jobs that exist in the national economy (Tr. 25). Therefore, the ALJ concluded that Williams has not been under a "disability," as defined in the Social Security Act, from March 15, 2012 through the date of last insured (Tr. 26). Plaintiff timely filed a request for the Appeals Council to review the

ALJ's decision (Tr. 292-97). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied William's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied William's claim at the fifth step.

It appears Williams has raised two arguments—the ALJ should have provided more than "little weight" to the opinion of Dr. Hunt (DN 22 PageID # 666) and his impairments meet Listings 1.04 and 12.15 (Id. at 697-700, DN 21 PageID # 664). Unfortunately, Williams has failed to adequately develop either of these arguments, therefore the undersigned deems them waived.

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion). Although Courts may grant some leniency to *pro se* litigants, the same waiver rule applies. *See* Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007) (citing Coleman v. Shoney's, Inc., 79 F. App'x 155, 156-157 (6th Cir. 2003); Smith v. Comm'r of Soc Sec., 2018 U.S. Dist. LEXIS 220916 (E.D. Mich. 2018) (citing United States v. Dado, 2016 U.S. Dist. LEXIS 102622 (E.D. Mich. 2016).

Regarding the weight assigned to Dr. Hunt's opinion, Williams has provided nothing except the recitation of a rule articulated in Social Security Ruling 96-2p, his conclusion that "all criteria was met," and an instruction for the Court to reference attached documents. The attached documents are bits of the medical evidence and administrative record, annotated by Williams with

6

handwritten comments and underlining (DN 22 PageID # 666). His argument that he meets medical listing 1.04 and 12.15 is even less developed. He merely states that he meets the listing in his motion and attaches the text of the listing to his fact and law summary (DN 21 Page ID # 664, DN 22 Page ID # 697-700).

Waiver notwithstanding, the undersigned has reviewed the ALJ's findings and determined that they are supported by substantial evidence and comply with applicable law. Here, the ALJ did not explicitly consider listing 12.15, which Williams claims he meets. However, she did address listings 12.04 and 12.06 which have the same $B^1$ and $C^2$ criteria as listing 12.15. The ALJ found that William's limitations were only moderate or mild (Tr. 16). Likewise, the ALJ found Williams did not meet the paragraph C criteria. The medical evidence does not suggest Williams possesses minimal capacity to adapt to changes in his environment or demands that are not already a part of his daily life (Tr. 16). Notably, no state agency psychological consultant concluded that a mental listing is medically equaled (Tr. 16). The ALJ's findings are supported by the medical evidence in the record and Williams' own reports about his capabilities. Williams fails to provide any reason why the findings are unsupported by substantial evidence or contrary to applicable law.

---

1 To satisfy the paragraph B criteria mental impairments must result in at least one extreme or two marked limitations a broad area of functioning which are: understanding, remembering, or applying information; interaction with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves.

2 To satisfy the paragraph C criteria a mental disorder must be "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both: 1) Medical treatment, mental health therapy, psychosocial support*s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder: and 2) Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already a part of your daily life.

Williams also mentions that he satisfies the criteria of Listing 1.04[3]—which the ALJ considered explicitly (Tr. 15). Again, Williams fails to identify any evidence that shows his back impairment satisfies any of the listing requirements. He does not even identify which criteria he purports to meet. The ALJ acknowledged that Williams has degenerative disc disease, but found no medical evidence suggesting impairments comparable to the listing requirements (Tr. 15).

Finally, Williams suggests that the opinion of Dr. Hunt should have been given more weight (DN 22 PageID # 667). The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source. 20 C.F.R. §§ 404.1527(c); 416.927(c). Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ does not assign controlling weight to a treating source, she must provide good reasons for doing so. Gayheart v. Comm'r of Soc. Sec., 710 F. 3d 365, 375-76 (6th Cir. 2013).

Here, Dr. Hunt did not provide any specific functional limitations but did opine that Williams was incapable of working (Tr. 454, 455, 456). This is a legal conclusion that is reserved for the ALJ. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. It is not entitled to any controlling weight or given special significance. Social Security Ruling 96-5p, 1996 WL 374183,

---

3 Entitled Disorders of the Spine, Listing 1.04 requires: medical evidence of a disorder of the spine (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, resulting in an inability to ambulate effectively.

at *2-5 (July 2, 1996). Moreover, the ALJ provided good reasons why Dr. Hunt's opinion was not afforded controlling weight. Most notably, that Dr. Hunt determined Williams could not work after only one visit (defeating the rationale of the treating physician rule) and that his drastic opinion was not supported by his own clinical records and conservative treatment regimen (Tr. 24). The ALJ's opinion is supported by substantial evidence. Williams has provided no argument to the contrary.

It is Williams' burden to prove that he was disabled. He must provide evidence showing how his impairments affect his functioning during the alleged period of disability. 20 C.F.R. 404.1512(c). He has not done so. The decision of the Commissioner is affirmed.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgement is **GRANTED** for the Commissioner.

Copies: Counsel